Action by Mrs. Frank Walker against Jacob B. Baermann. Judgment for plaintiff. Defendant appeals. Motion for a further or amended return. Denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Ashley, Emley & Rubino, for the motion.
Greenhall & Levy, opposed.

PER CURIAM. This is a motion to compel one of the justices of the municipal court of the city of New York to make a further or amended return. The evidence which was taken upon the trial is wholly omitted from the return before us. In answer to the motion it is made to appear, by the affidavits of the justice and of the official stenographer who took the testimony, that the stenographer took the minutes to the court in August last, with the intention of filing them, but has never since been able to find them. The shorthand notes being lost, he is unable to furnish a transcript of the evidence. Under these circumstances, an order compelling the justice to make a further return would evidently be ineffectual. The proper course to be pursued is prescribed by section 3056 of the Code of Civil Procedure, which provides that, where the justice is unable to make a return, "the appellate court may receive affidavits, or examine witnesses, as to the evidence and other proceedings taken, and the judgment rendered, before the justice; and may determine the appeal, as if a return had been duly made by the justice." This provision applied to appeals from district courts in the city of New York, and now applies to appeals from the municipal court. McGovern v. Eldredge (Com. Pl.) 20 N. Y. Supp. 654. The parties to the appeal may present affidavits to this court showing what was the evidence taken upon the trial, and upon the proof thus furnished we will endeavor to determine the appeal, under the authority of the section cited.

---

(29 Misc. Rep. 623.)

POLLAK v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 29, 1899.)

APPEAL—REVIEW—EVIDENCE.

 On an appeal from an order of the general term affirming a judgment of the trial term of the city court, and from an order refusing a new trial, the evidence will be scrutinized only so far as is necessary to determine whether there is any evidence sufficient to support the conclusions of the verdict.

Appeal from city court of New York, general term.

Action by Ida Pollak against the Metropolitan Street-Railway Company. From a judgment of the general term (58 N. Y. Supp. 1133) affirming a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
Horwitz & Samuels, for respondent.

MacLEAN, J.  The appellant urges as grievances that evidence was received improperly, and that the verdict, and consequent judgment, were for an excessive amount.  Neither is made out here. Where, after a general verdict has been rendered upon a trial, an order granting or refusing a new trial has been affirmed at the general term of the city court, it is for this tribunal, under the well-recognized construction of the statutory provisions relating to appeals from the city court, only to consider errors of law presented by valid exceptions, resting upon well-founded objections or motions, and the evidence brought up by the record is only to be scrutinized in so far as is necessary to make clear whether or not there be any evidence sufficient to sustain the conclusions; for a ruling, after due request otherwise, to leave undisturbed a verdict or finding not supported by evidence, is itself an error of law.  Examination of the whole case presented in this action, with especial reference to the context of the exceptions taken by the defendant, discloses no error in the reception of evidence calling for reversal upon the objections actually taken at the trial.  Whether or not the jury found for the plaintiff in an excessive amount was a question of fact to be addressed primarily to the justice, who saw and heard the witnesses in the very atmosphere and influences of the trial, and eventually to other justices deliberating in banc, and calmly considering all the evidence as exhibited on printed pages.  But this question, like any other question of fact, is to be disposed of in the court of original jurisdiction, and not by this tribunal. The judgment should be affirmed.

Judgment affirmed, with costs.

FREEDMAN, P. J., concurs.  LEVENTRITT, J., takes no part.